# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESROM MADRID,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VALLEY STATE PRISON,<br><br>　　　　　Defendant. | Case No.  1:13-cv-01668-LJO-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN THE CASE**<br><br>**(Doc. 16)** |

Plaintiff, Esrom Madrid, a state prisoner proceeding pro se, filed this civil rights action under 28 U.S.C. § 1983 on September 9, 2013 in the Northern District of California.  On this same date, the Northern District of California issued an order to Plaintiff which read,

> Your civil action is deficient because you did not pay the $400 fee and:
>
> 1.　　you did not file an In Forma Pauperis Application
>
> [¶¶]
>
> Enclosed you will find this court's current Prisoner's In Forma Pauperis Application, which includes a Certificate of Funds in Prisoner's Account form, and a return envelope for your convenience.
>
> **Warning: YOU MUST RESPOND TO HIS NOTICE. If you do not respond within TWENTY-EIGHT DAYS from the filing date stamped above, your action will be DISMISSED, the file closed and the $400 fee will become due immediately.  Filing an In Forma Pauperis Application will allow the court to determine whether installment payment of the filing fee should be allowed."**

(Doc. 2)  On October 15, 2013, the case was transferred to the Eastern District of California without Plaintiff having filed the application to proceed in forma pauperis.

1

On October 17, 2013, this Court issued an order requiring Plaintiff to either pay the $400.00 filing fee in full or file an application to proceed in forma pauperis on the form provided with the order, within 45 days.  (Doc. 11.)  More than 45 days passed without Plaintiff's compliance or other response to the Court's order.  Plaintiff was warned that dismissal would occur if he failed to obey the order (Doc. 11) and, on January 7, 2014, the action was dismissed without prejudice for Plaintiff's failure to pay the filing fee or file an application to proceed in forma pauperis and judgment was entered.  (Docs.14, 15.)

On March 12, 2014, Plaintiff filed a motion to reopen this case.  (Doc. 16.)  Plaintiff's motion is construed as a motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure.  Rule 60 provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

In his motion, Plaintiff indicates that he mistakenly believed that the documents he gave to prison officials were filed in the Northern District of California and sufficed such that he was not required to respond to the order from this court to pay the filing fee or submit an application to proceed in forma pauperis.  (Doc. 16.)  Specifically, Plaintiff argues that when he received this Court's October 17, 2013 order he "believed such said [sic] application [to proceed in forma pauperis] had been processed through mistake of proper venue for forma pauperis applications." (Doc. 16, 2:22-27.)  Plaintiff requests that judicial notice be taken of the last page of the documents he attached as Exhibit "A" to his motion to reopen "upon which documents evidence the fact Plaintiff originally filed this action in the Northern District whom [sic] transferred the cause of action to this Honorable Court for proper venue pursuant to 28 U.S.C. § 1391(b), on October 15, 2013.  (*Id.*, at 2:9-16.)

The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of court records. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Mullis v. United States Bank. Ct.,* 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th. Cir. 1980); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D. Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981). However, the last page of Exhibit "A" to Plaintiff's motion appears to be two, maybe three separate documents (one of which appears to be part of an envelope) that were placed for copying on a single sheet of paper. (Doc. 16, p. 11.) There are no facts in this document that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Plaintiff also attached a form entitled "Inmate/Parolee Request for Interview, Item or Service" upon which he requested a copy of his trust account indicating that a "certified copy is the only documentation, along with the In Forma Pauperis packet that needs to be submitted to the Court." (*Id.*, at p. 12.) Plaintiff then requested "that information" be enclosed in "the attached envelope addressed to the US District Court, 450 Golden Gate Avenue, and send the documents out, please. Thank you for your concern in this matter." (*Id.*) Plaintiff also included a copy of an "Inmate Statement Report" and a "Certificate of Funds in Prisoner's Account" in Exhibit "B." (*Id.*, at pp. 13-15.) Notably, however, no application to proceed in forma pauperis is included in Plaintiff's papers. Moreover, along with his current motion, Plaintiff, once again, did not provide an application to proceed in forma pauperis.

Notably, a civil action may not proceed absent the submission of either the filing fee or a completed application to proceed in forma pauperis. 28 U.S.C. §§ 1914, 1915. Based on Plaintiff's failure to comply with the Court's order and the order issued by the Northern District of California, dismissal of this action was appropriate. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); Local Rule 110. Both the order from the Northern District (Doc. 2) and the order from this Court (Doc. 11) that directed Plaintiff to pay the filing fee, or submit an application to proceed in forma pauperis explicitly

1  stated in bold lettering that the action would be dismissed if Plaintiff failed to respond/comply.
2  Despite this, Plaintiff failed to respond and his claimed mistaken belief that he was not required to
3  respond/comply in the face of both of these orders is patently unreasonable.
4      Plaintiff neither paid the filing fee nor filed an application to proceed in forma pauperis
5  which resulted in dismissal of the action without prejudice and judgment was entered thereon.
6  (Docs. 14, 15.)  None of the facts or arguments offered by Plaintiff in the instant motion
7  demonstrate that he is entitled to relief from this Court's January 7, 2014 order and judgment
8  under Rule 60.
9      Accordingly, it is HEREBY ORDERED that Plaintiff's motion to reopen the case, filed
10  March 12, 2014 (Doc. 16), is DENIED.  No further filings will be accepted in this action.

IT IS SO ORDERED.

Dated:   **April 17, 2014**                    **/s/ Jennifer L. Thurston**
                                               UNITED STATES MAGISTRATE JUDGE